UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIANA AARON MITCHELL | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 13-5875 |
| | * | |
| BRETT HOOD | * | SECTION "L" (2) |

### ORDER AND REASONS

Before the Court is a Special Motion to Strike, pursuant to Louisiana Code of Civil Procedure article 971, filed by Third-party Defendant Judge Ernestine Teena Anderson-Trahan. (Rec. Doc. 46). Because the Court finds that some specific discovery is necessary to resolve this motion, the Court is not ruling on the merits of the motion at this time.

I.  BACKGROUND

This case involves a postcard that was allegedly mailed to registered voters the day before a run-off election between Plaintiff Kiana Aaron Mitchell and Anderson-Trahan for Second City Court Judge for the City of New Orleans. According to Mitchell, the postcard falsely accused her of violently attacking an innocent pregnant woman and it included Mitchell's date of birth, drivers' license number, and home address. (Rec. Doc. 1 at 6-7). Mitchell claims that this mailing was false and injurious to her personal, professional and political reputation. (Rec. Doc. 1 at 10). Mitchell explains that the postcard stated that it was "[p]aid for by B. Hood" and it contained a return address of "200 K Street NW #709, Washington D.C., 20001." (Rec. Doc. 1 at 7). Mitchell filed the present lawsuit against Defendant Brett Hood. (Rec. Doc. 1). Mitchell claims that the postcard was printed and mailed on December 7, 2012, in order to influence the outcome of the election in favor of Anderson-Trahan and to cause harm to Mitchell. (Rec. Doc. 1 at 5). Mitchell is suing Hood for abuse of right and asks to be

1

compensated for compensatory damages, including consequential and incidental damages, as well as costs, expenses and attorney's fees. (Rec. Doc. 1 at 12).

On February 10, 2014, Hood filed an amended answer and third-party complaint. (Rec. Doc. 21). First, Hood claims that this Court lacks personal jurisdiction over him. (Rec. Doc. 21 at 1). Second, Hood denies liability for the damages alleged by Mitchell. (Rec. Doc. 21 at 2). In addition, Hood asserts claims against Third-party Defendants Anderson-Trahan and Kelvin P. McClinton. (Rec. Doc. 21 at 4). According to Hood, he and McClinton were friends. Hood alleges that sometime prior to the election, McClinton asked Hood if he would be willing to allow Anderson-Trahan to use him as a reference. (Rec. Doc. 21 at 6). Hood agreed to allow his name to be used as a reference. Hood claims that this was the extent of his involvement in the election. Hood claims that the postcard fraudulently included his name and address and that he never authorized the use of his information in that way. (Rec. Doc. 21 at 6-7). Hood accuses Anderson-Trahan and McClinton of conspiring to steal his identity and invade his privacy. (Rec. Doc. 21 at 8). Hood claims that their actions caused damage to his personal and professional reputation. (Rec. Doc. 21 at 10).

## II. PRESENT MOTION

On March 24, 2014, Anderson-Trahan filed the present special motion to strike Mitchell's complaint pursuant to Louisiana Code of Civil Procedure article 971. (Rec. Doc. 46). Anderson-Trahan explains that article 971 creates a special motion to strike a cause of action that arises from a person's right of free speech. (Rec. Doc. 46-1 at 3). Under article 971, if the movant makes a prima facie showing that the matter arises from an act in furtherance of his free speech, the burden shifts to the plaintiff to demonstrate a probability of success on the underlying claim. Anderson-Trahan argues that she can clearly make the prima facie showing under article

971 because all of Mitchell's allegations explicitly state that they arise from the exercise of the right of free speech. (Rec. Doc. 46-1 at 4). Furthermore, Anderson-Trahan points out that the action involves a matter of public concern--an election. (Rec. Doc. 46-1 at 4).

Anderson-Trahan argues that as a matter of law, Mitchell will be unable to succeed on the merits of her claims. First, Anderson-Trahan claims that Mitchell's claims are, in actuality, claims for defamation. Anderson-Trahan argues that Mitchell will be unable to prove the five elements required to succeed on a defamation claim. Anderson-Trahan also argues that even if this Court finds that Mitchell has alleged an abuse of rights claim, the Court should still strike the complaint. According to Anderson-Trahan, the abuse of rights cause of action is only used in very limited circumstances and it requires that a contractual and/or fiduciary relationship exist. Because Mitchell has not alleged such relationship, Anderson-Trahan argues that Mitchell will be unable to succeed on an abuse of rights claim.

Last, Anderson-Trahan argues that Mitchell will be unable to prove probable success on her invasion of privacy claim because the information disseminated in this case was publicly available. (Rec. Doc. 46-1 at 17). Anderson-Trahan also argues that Louisiana courts only recognize four causes of action arising from a claim of invasion of privacy and that Mitchell's allegations do not fall into one of these four categories.

In opposition, Mitchell argues that a third-party defendant, like Anderson-Trahan, lacks standing to bring a motion under article 971. First, Mitchell claims that Anderson-Trahan is not a true third-party defendant because her liability does not depend on Hood's liability. For that reason, Mitchell argues that Anderson-Trahan cannot assert defenses under Federal Rule of Civil Procedure 14. (Rec. Doc. 53 at 4). Second, Mitchell argues that only the person who is or was asserting his first amendment rights can bring a motion under article 971. Mitchell claims that

because Hood denies any involvement in the postcard, he cannot bring such a motion on his own behalf.  Mitchell claims that, by extension, Anderson-Trahan cannot bring an article 971 motion on Hood's behalf.  (Rec. Doc. 53 at 6).

Mitchell also argues that the message on the postcard was an illegal assertion and that such assertions are excluded from the coverage of article 971.  Mitchell cites case law from California, interpreting an identical statute, which found that there was an illegality exception to the statute.  (Rec. Doc. 53 at 12).  Last, Mitchell argues that she is able to establish a probability of success on her claim.  (Rec. Doc. 53 at 15).

Defendant Brett Hood filed a response in which he agrees with Mitchell and objects to Anderson-Trahan's motion to strike because it presupposes that Hood acted in furtherance of his First Amendment right to free speech.  Hood echoes Mitchell's contention that in order to file a motion under article 971 you have to have personally acted in furtherance of your own right. (Rec. Doc. 54 at 2).  Hood argues that he did not send the postcard and, therefore, did not act in furtherance of his first amendment rights.

### III. LAW & ANALYSIS

Louisiana Code of Civil Procedure article 971 provides:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

La. Code Civ. Proc. art. 971.  Article 971 was enacted in 1999 after the Louisiana legislature found "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances."  La. Code Civ. Proc. art. 971, Legislative Findings.  The legislature declared it to be in the best interest of the

public "to encourage continued participation in matters of public significance." *Thinkstream, Inc. v. Rubin*, 06–1595 (La.App. 1 Cir. 9/26/07); 971 So.2d 1092, 1100.  "The intent of this statute is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process." *Lee v. Pennington*, 02-381 (La. App. 4 Cir. 10/16/02); 830 So.2d 1037, 1041 (citing *Stern v. Doe*, 2001-0914 (La. App. 4 Cir. 12/27/01); 806 So.2d 98, 101).  The courts have determined that La. Code. Civ. Proc. art. 971 should be construed broadly to satisfy the intent of the legislature. *Kirksey v. New Orleans Jazz & Heritage Found., Inc.*, 2012-1351 (La. App. 4 Cir. 2/27/13); 116 So.3d 664, 668 (citing *Darden v. Smith*, 03-1144 (La. App. 3 Cir. 6/30/04); 879 So.2d 390, 396).

    Article 971 creates a procedural device that can be used early in legal proceedings to screen meritless claims that were only pursued to chill one's constitutional rights. *Lee*, 830 So.2d at 1041.  Article 971 involves a two-part burden-shifting procedure.  "To succeed on an Article 971 motion, the defendant must first make a prima facie showing that Article 971 covers the activity underlying the suit.  That is, the defendant must 'establish[] that a cause of action against him arises from an act by him in furtherance of the exercise of his right or petition or free speech under the United States or Louisiana Constitution in connection with a public issue.'" *Henry v. Lake Charles American Press*, L.L.C., 566 F.3d 164, 170 (5th Cir. 2009) (quoting *Starr v. Boudreaux*, 978 So.2d 384, 388-89 (La. App. 1st Cir. 2007)).  After the defendant makes this showing, the burden shifts to the plaintiff to demonstrate a probability of success on the merits of his claim.  *Louisiana Crisis Assistance Center v. Marzano-Lesnevich*, 827 F.Supp.2d 668, 674 (E.D. La. 2011) (citing *Carr v. Abel*, 10-CA-835 (La. App. 5 Cir. 3/29/11); 64 So.3d 292, 297).

    Article 971(D) says that "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article.  The stay of discovery shall remain

in effect until notice of entry of the order ruling on the motion." La. Code Civ. Proc. art. 971(D). Accordingly, this Court stayed discovery in the present case. (Rec. Doc. 50). However, this section also provides that "on noticed motion and for good cause shown, [the court] may order that specified discovery be conducted." La. Code Civ. Proc. art. 971(D). During oral argument, Mitchell moved the Court to allow her to conduct discovery.

The issue in the present case is different than in all other cases that this Court has reviewed involving article 971. Here, the question is *who* made the comment. Without knowing the author of the comments on the postcard, it is difficult for this Court to properly assess the motion before it. No one has come to court claiming that his first amendment rights are being chilled by the present lawsuit, as contemplated by article 971. The author of the comments, the person whose first amendment rights are at risk, is unknown. Because of this unusual feature, the Court finds it appropriate to order that limited discovery be conducted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the parties have sixty days to conduct limited, specific discovery focused on the question of who made the statements on the postcard and who made and authorized the postcard.

New Orleans, Louisiana, this 21st day of April, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE