UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIANA AARON MITCHELL | * | CIVIL ACTION |
| | * | |
| versus | * | No. 13-5875 |
| | * | |
| BRETT HOOD | * | SECTION "L" (2) |

<u>ORDER & REASONS</u>

Before the Court is a Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), (Rec. Doc. 68), and a Motion to Stay the Proceeding Pending Appeal, (Rec. Doc. 70), filed by Third-party Defendant Ernestine Anderson-Trahan.  The Court has reviewed the briefs and applicable law and now issues this Order and Reasons.

I.      BACKGROUND

This case involves a postcard that was allegedly mailed to registered voters the day before a run-off election between Plaintiff Kiana Aaron Mitchell and Anderson-Trahan for Second City Court Judge for the City of New Orleans.  According to Mitchell, the postcard falsely accused her of violently attacking an innocent pregnant woman and it included Mitchell's date of birth, drivers' license number, and home address.  (Rec. Doc. 1 at 6-7).  Mitchell claims that this mailing was false and injurious to her personal, professional and political reputation. (Rec. Doc. 1 at 10).  Mitchell explains that the postcard stated that it was "[p]aid for by B. Hood" and it contained a return address of "200 K Street NW #709, Washington D.C., 2001."  (Rec. Doc. 1 at 7).  Mitchell filed the present lawsuit against Defendant Brett Hood for abuse or right. (Rec. Doc. 1).

On February 10, 2014, Hood filed an Amended Answer and Third-party Complaint.

1

(Rec. Doc. 21).  Hood denies that he had anything to do with the postcard.  (Rec. Doc. 21 at 2).
In addition, Hood asserts claims against Third-party Defendants Anderson-Trahan and Kelvin P.
McClinton.  (Rec. Doc. 21 at 4).  According to Hood, he was friends with McClinton, who is
allegedly a campaign supporter of Anderson-Trahan.  Hood alleges that sometime prior to the
election, McClinton asked Hood to serve as a reference for Anderson-Trahan.  (Rec. Doc. 21 at
6).  Hood claims that he agreed to allow his name to be used as a reference and this was the
extent of his involvement in the election.  Hood claims that the postcard fraudulently included
his name and address and that he never authorized the content on the postcard or the use of his
information in that way.  (Rec. Doc. 21 at 6-7).  Hood accuses Anderson-Trahan and McClinton
of conspiring to steal his identity and invade his privacy.  (Rec. Doc. 21 at 8).

On March 24, 2014, Third-party Defendant Anderson-Trahan filed a Special Motion
to Strike, pursuant to Louisiana Code of Civil Procedure Article 971.  (Rec. Doc. 46).  As
Anderson-Trahan pointed out in her motion, Article 971 creates a special motion to strike a
cause of action that arises from any act of a person in furtherance of the person's right of petition
or free speech.  (Rec. Doc. 46-1 at 3). The United States Court of Appeals for the Fifth Circuit
has explained that "Article 971 was enacted by the legislature as a procedural device to be used
early in legal proceedings to screen meritless claims pursued to chill one's constitutional rights
under the First Amendment of the United States Constitution to freedom of speech and press."
*Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009) (citing *Lee v.
Pennington*, 02-381 (La. App. 4 Cir. 10/16/02); 830 So.2d 1037, 1041).  Article 971 creates a
burden-shifting test.  First, "the defendant must . . . make a prima facie showing that Article 971
covers the activity underlying the suit.  That is, the defendant must 'establish[] that a cause of

action against him arises from an act by him in furtherance of the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue.'" *Henry*, 566 F.3d at 170 (quoting *Starr v. Boudreaux*, 978 So.2d 384, 388-89 (La. App. 1st Cir. 2007)).  If the movant makes this showing, then the burden shifts to the plaintiff to demonstrate a probability of success on his claim.  *Id.*

Article 971(D) says that "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article.  The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion."  La. Code. Civ. Proc. art. 971(D).  Accordingly, the Court stayed discovery in the present case shortly after the motion was filed.  (Rec. Doc. 50).  However, Article 971(D) also provides that "on noticed motion and for good cause shown, [the court] may order that specified discovery be conducted."  La. Code. Civ. Proc. art. 971(D).  The Court determined that Mitchell made such a motion during oral argument. The Court believed that limited discovery was necessary in order to properly evaluate the Article 971 motion because complicated issues regarding standing and jurisdiction existed.  On April 21, 2014, pursuant to Article 971(D), this Court ordered that specific discovery be conducted in this case focused on the question of who made the statements on the postcard and who made and authorized the postcard.  (Rec. Doc. 60).

## II.      PRESENT MOTION

Anderson-Trahan now moves this Court for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Anderson-Trahan explains that a district court can certify an order to the court of appeals for interlocutory review when the court believes that an order involves "a controlling question of law as to which there is substantial ground for difference of opinion and

3

that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (Rec. Doc. 68-1 at 3) (quoting 28 U.S.C. § 1292(b)). Anderson-Trahan argues that this Court's Order involved several controlling questions of law. First, Anderson-Trahan claims that this Court should rule on an Article 971 motion based on the allegations made by the plaintiff in the complaint, without regard for whether the defendant admits or denies the conduct alleged. (Rec. Doc. 68-1 at 4). Second, Anderson-Trahan claims that this Court, through its Order, has effectively decided that a third-party defendant cannot assert a motion under Article 971 on behalf of a defendant who is refusing to do so. (Rec. Doc. 68-1 at 5). Third, Anderson-Trahan argues that this Court erred in its determination that discovery is necessary to resolve the Article 971 motion. (Rec. Doc. 68-1 at 5). Anderson-Trahan argues that no amount of discovery will allow Mitchell to demonstrate a probability of success on her abuse of right and invasion of privacy claim. (Rec. Doc. 68-1 at 5). Furthermore, Anderson-Trahan argues that the discovery that this Court authorized is not relevant to the claims that are actually before this Court. Anderson-Trahan cites the Louisiana Supreme Court's unpublished decision in *Hebert v. Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners* for the idea that a court should rely on claims made on the face of plaintiff's complaint rather than speculating as to what other claims plaintiff could have brought. (Rec. Doc. 68-1 at 6). Last, Anderson-Trahan takes issue with this Court's Order because she argues that Mitchell did not make a "noticed motion" and a showing of "good cause" as Article 971 requires. Anderson-Trahan argues that what this Court interpreted as a motion for discovery during oral argument does not satisfy the Article's requirement. (Rec. Doc. 68-1 at 6).

Anderson-Trahan argues that there are "substantial grounds for differing opinions."

4

Anderson-Trahan claims that both the United States Court of Appeals for the Fifth Circuit as well as the Louisiana Supreme Court have held that a court should look only to the face of the complaint when deciding whether to grant an Article 971 motion.  (Rec. Doc.

Finally, Anderson-Trahan argues that the third requirement for a certificate of interlocutory appeal is met here because an immediate appeal has the potential to result in early termination of the case.  According to Anderson-Trahan, if the Fifth Circuit agrees with her argument, Mitchell's complaint will be stricken and the lawsuit will be dismissed as to Brett Hood.  (Rec. Doc. 68-1 at 8).

With short notice, Mitchell filed an opposition to Anderson-Trahan's motion for certification of interlocutory appeal.  (Rec. Doc. 74).  Mitchell stresses that interlocutory appeals are granted "sparingly" and only in "exceptional cases."  (Rec. Doc. 74 at 2).  Mitchell argues that Anderson-Trahan bears the burden of proving that all three elements required for a certification of interlocutory appeal are met and that she is unable to prove any one of the three. (Rec. Doc. 74).  First, Mitchell argues that no controlling issue of law exists here.  Mitchell emphasizes that this Court, through its Order, merely exercised its discretion to allow limited discovery under Article 971.  The Court did not decide the Article 971 motion.  (Rec. Doc. 74 at 3).  Mitchell argues that Anderson-Trahan is actually challenging this Court's failure to rule on her Special Motion to Strike. (Rec. Doc. 74 at 3).

Mitchell argues that there is no substantial grounds for difference of opinion as to whether this Court has the discretion to authorize limited discovery under Article 971.  (Rec. Doc. 74 at 4).  The plain language of the statute clearly permits this.  Mitchell argues that the mere fact that a party disagrees with a Court's ruling is insufficient to constitute "substantial

ground for a difference of opinion."  (Rec. Doc. 74 at 5).

Last, Mitchell argues that an immediate appeal will not materially advance the ultimate termination of the litigation.  (Rec. Doc. 74 at 5).  Mitchell argues that appellate review of this Court's ordered discovery will leave the parties in the exact same position as they are in now. This Court will still have to rule on the Article 971 motion.  (Rec. Doc. 74 at 6).  Mitchell points out that the appeal will only advance the termination of the lawsuit if Anderson-Trahan prevails on appeal.  On the other hand, Mitchell argues that the ordered discovery will materially advance the litigation by allowing Mitchell to determine who authored the comments and thereby providing clarity to the Court.  (Rec. Doc. 74 at 6).

Mitchell also argues that pursuant to Federal Code of Civil Procedure 7(b)(1)(A) and Local Rule 7.1, oral motions during a hearing are allowed and "notice of submission" becomes inapplicable.  (Rec. Doc. 74).  Furthermore, Mitchell argues that good cause has been shown in this case, satisfying Article 971, because as this Court pointed out in its Order, the author of the postcard, the person whose first amendment rights are at risk, is unknown.

## III.    LAW AND ANALYSIS

### A.    Motion for Certification of Interlocutory Appeal, 28 U.S.C. § 1292(b)

Because the Court finds that the three requirements of 28 U.S.C. § 1292(b) are met here, the Court is certifying its previous Order for interlocutory review.  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be

taken from such order . . . .

This statute gives the district court "authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers County Com'n*, 115 S.Ct. 1203, 1210 (1995). "The initial determination that appeal is desirable is confided to the discretion of the district judge, relying on the criteria specified in the statute." 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Vikram David Amar, Richard D. Freer, Helen Hershkoff, Joan E. Steinman, Catherine T. Struve, Federal Practice and Procedure § 3929 (3d ed.). The Court will address each of the three requirements in turn.

1.     *Controlling Question of Law*

First, the Court finds that its previous Order involves a controlling question of law. (Rec. Doc. 60). Mitchell and Hood are correct in pointing out that the only explicit decision that this Court made in its Order was the decision to allow limited discovery in the case. This is permitted under Article 971. *See* La Code. Civ. Proc. art. 971(D). However, the Supreme Court has explained that under § 1292 an appellate court can review "all issues material to the order in question." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996) (quoting 88 Harv. L. Rev. 607, 628-629 (1975)). When a court issues a certification of appealability, the entire order is certified and "any issue fairly within the certified order." *Id.* Therefore, while the Court's Order did not rule on the Special Motion to Strike, certain controlling issues of law pertaining to that motion were material to this Court's Order and can be reviewed by the appellate court.

Specifically, this Court determined that it could not decide the motion on the information that was before it. This case involves an extremely unique amalgamation of facts. First, the case

arises under state law.  The only basis for this Court's jurisdiction is the diversity of the parties

and 28 U.S.C. § 1332.  Mitchell brought the present lawsuit against Hood, a diverse defendant.

However, Hood denies having anything to do with the postcard in question.  In addition he

alleges that he has no personal contacts with this jurisdiction and reserves his right to object to

this Court's jurisdiction.  He has, nevertheless, filed a third-party complaint against two

defendants, one of which is a citizen of this state.  If the non-diverse party, Anderson-Trahan,

were added as a defendant in this case, the Court's diversity jurisdiction would be destroyed.

The non-diverse third-party defendant, Anderson-Trahan, filed a Special Motion to Strike,

pursuant to Article 971.  She claims that she is allowed to assert this motion on behalf of the

Defendant, Hood, pursuant to Federal Rule of Civil Procedure 14(a)(2)(C).  Hood, the Defendant

who is supposed to be the benefactor of Article 971, opposes the motion that is being asserted on

his behalf.  (Rec. Doc. 54).  He claims that the motion presupposes that he acted in furtherance

of his First Amendment right to free speech when he published the postcard, an act that he

adamantly denies.  (Rec. Doc. 54 at 2-3).  Hood claims that he, as the defendant of the action, is

the only person who can bring a motion under Article 971.  (Rec. Doc. 54 at 2).

These facts present several issues of first impression, the determination of which were

material to this Court's decision to order that limited discovery be taken.  This Court decided that

in order to resolve the complex issues of standing and jurisdiction, the Court needed to first

know who authored the postcard in question.  This information would allow the Court to

understand whether the proper party was bringing the Article 971 motion and whether Anderson-

Trahan had standing to bring such a motion.  Furthermore, if discovery revealed that Hood had

nothing to do with the postcard, as Mitchell now seems to agree, the Court would be able to

8

more fully evaluate its jurisdiction.  These are controlling questions of law that were material to this Court's Order.  Specifically, when unknown who made a particular statement, can a defendant who adamantly denies involvement assert a special motion to strike under Article 971?  Further, can a third-party defendant, who also denies involvement, file a motion under Article 971 pursuant to Fed. R. Civ. P. 14(a)(2)(C) on behalf of a defendant who opposes such motion?  Last, can a Court allow limited discovery to determine the identity of the statement maker when that information might affect this Court's jurisdiction?  In light of these controlling questions of law that were material to this Court's Order, the Court finds that the first element of § 1292 has been met.

### 2.    *Substantial Grounds for Difference of Opinion*

There are substantial grounds for difference of opinion on these issues.  The Court of Appeals for the Ninth Circuit provided a thorough explanation of this factor.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  That court stated:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear.  Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."

*Id.* (quoting 3 Federal Procedure, Lawyers Edition §3:212 (2010)).  The last of those scenarios is present here.  The Court finds that the controlling questions of law at issue in this Court's previous Order involve novel and difficult questions of first impression.

It is important to note, however, that the Court disagrees with Anderson-Trahan's argument regarding this factor.  Anderson-Trahan relies on the Louisiana Supreme Court's

decision in *Hebert*, which she claims stands for the proposition that a court should only look at the face of the plaintiff's complaint when evaluating an Article 971 motion. (Rec. Doc. 68-1 at 7). She argues that this Court was "considering claims not referenced in the pleadings when making its ruling." (Rec. Doc. 68-1 at 7). Anderson-Trahan argues that because *Hebert* prohibits a court from doing that, this creates a substantial ground for disagreement with the Court's previous Order. *Hebert* is distinguishable from the present case. In *Hebert*, the Louisiana Supreme Court explained that the appellate court's discussion of ways that the plaintiff could amend his petition in order to successfully assert a constitutional claim and survive an Article 971 motion was improper. *See* 2008 La. LEXIS 1100, at *7 (La. 2008). The court found that the appellate court had improperly assumed the duties of an advocate and that the appellate court's opinion should be vacated. *Id.* In *Hebert*, the appellate court's problematic discussion pertained to the second prong of the burden-shifting test required by Article 971 – plaintiff's probability of success on the underlying claim. *See Hebert v. Louisiana Licensed Prof'l Vocational Rehab. Counselors*, 2007-610 (La. App. 3 Cir. 1/23/08), 974 So. 2d 824, 832 *rev'd sub nom. Hebert v. Louisiana Licensed Prof'l Vocational Rehab. Counselors Bd. of Examiners,* 2008-412 (La. 5/9/08) and *writ granted, judgment vacated,* 2008-412 (La. 5/9/08), 981 So. 2d 21 *and writ granted, judgment vacated,* 2008-415 (La. 5/9/08), 981 So. 2d 21. This Court, on the other hand, was unable to get past the first prong of test created by Article 971. The Fifth Circuit stated that the first prong requires the movant to establish that "a cause of action against him arises from an act by him in furtherance of the exercise of his right of petition or free speech . . . ." *Henry*, 566 F.3d at 170 (quoting *Starr*, 978 So.2d at 388-89). The Court ordered that discovery be taken in order to determine whether the first part of the test was met.

3.    *Material Advancement of Ultimate Termination*

The Court agrees that an immediate appeal on these issues would materially advance the ultimate termination of the case.  As explained above, Article 971 creates a procedural device that can be used early in legal proceedings to screen meritless claims.  *See Lee*, 830 So.2d at 1041.  This device was created by the state legislature in response to "concerns over the use of lawsuits that have the purpose or effect of chilling the exercise of First Amendment rights." *Henry*, 566 F.3d at 169.  Early dismissal of these lawsuits "saves defendants the cost and burden of trial and minimizes the chilling effect of these lawsuits."  *Id.*  This purpose would be lost in this case if the parties were forced to engage in long, protracted litigation only to find out that the Article 971 motion should have been granted.  Similar concerns motivated the Fifth Circuit in *Henry* to determine that a district court's ruling on an Article 971 motion is immediately appealable.  *See Henry*, 566 F.3d at 181 ("Article 971 thus provides for the avoidance of a trial that would imperil a substantial public interest.  Indeed, as Article 971 embodies a legislative determination that parties should be immune from certain abusive tort claims that have the purpose or effect of imperiling First Amendment rights, 'there is little room for the judiciary to gainsay its 'importance.'").

A decision by the Fifth Circuit would materially advance this litigation by assisting this Court in ruling on the Article 971 motion.  A decision by the Fifth Circuit could potentially result in immediate dismissal of the action or it will allow the action to proceed with limited discovery without the delays that have plagued it thus far.

Furthermore, the Court does not find that the usual concern about "avoiding the delay and extra effort of piecemeal appeals," is as presented here.  *See Clark-Dietz and Associates-*

11

*Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals.  Section 1292(b) appeals are exceptional.").  As the Fifth Circuit decided in *Henry*, if this Court had denied the Special Motion to Strike that decision would have been immediately appealable.  *See Henry*, 566 F.3d at 181.  Therefore, this certified interlocutory appeal, which will guide this Court's ruling on the Special Motion to Strike, is not drastically changing the course of the litigation.

> **B.     Motion to Stay Pending Appeal**

Section 1292 provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  28 U.S.C. § 1292.

In this case, Anderson-Trahan filed Special Motion to Strike, pursuant to Article 971.  Article 971 explicitly provides that "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article.  The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion."  La. Code. Civ. Proc. art. 971.  This Court ordered that, notwithstanding this provision, limited discovery should be taken in this unusual case.  That Order is now being certified by this Court for interlocutory appellate review.  It would defy logic for this Court not to stay discovery while it awaits the Fifth Circuit's determination.  Furthermore, the Court finds that the four-factor test that is to guide this Court's decision weighs strongly in favor of staying the proceeding.  *See In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).  The parties will not be prejudiced by this stay as the matters in this litigation are not unusually time-sensitive.  Accordingly, the proceedings are stayed

pending the appeal to the Fifth Circuit.

## IV.    CONCLUSION

For the foregoing reasons, this Court is certifying its previous Order, (Rec. Doc. 60), for interlocutory appellate review in order to determine whether limited discovery was appropriate in this case to determine who authored the statements in question so that issues regarding jurisdiction and standing can be resolved.

**IT IS ORDERED** that Anderson-Trahan's Motion for Certification of Interlocutory Appeal, under 28 U.S.C. § 1292, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Anderson-Trahan's Motion to Stay Proceedings Pending Appeal is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Anderson-Trahan's Motion for Leave to File Reply is hereby **GRANTED**.


New Orleans, Louisiana, this 2nd day of May, 2014.


UNITED STATES DISTRICT JUDGE