UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIANA AARON MITCHELL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 13-5875** |
| | * | |
| **BRETT HOOD** | * | **SECTION "L" (2)** |

## ORDER AND REASONS

Before the Court are Plaintiff's Motion to Amend Order (Rec. Doc. 93) and Motion to Fix Attorneys' Fees and Costs (Rec. Doc. 94). Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This case involves a dispute resulting from a judicial election. It began with a postcard that was allegedly mailed to registered voters the day before a run-off election between Plaintiff Kiana Aaron Mitchell and Judge Ernestine "Teena" Anderson-Trahan for Second City Court Judge for the City of New Orleans. According to Mitchell, the postcard falsely accused her of violently attacking an innocent pregnant woman, and it included Mitchell's date of birth, drivers' license number, and home address. (Rec. Doc. 1 at 6-7). Mitchell claims that this mailing was false and injurious to her personal, professional and political reputation. (Rec. Doc. 1 at 10). Mitchell explains that the postcard stated that it was "[p]aid for by B. Hood" and it contained a return address of "200 K Street NW #709, Washington D.C., 20001." (Rec. Doc. 1 at 7). Mitchell filed the present lawsuit against Defendant Brett Hood. (Rec. Doc. 1). Mitchell claims that the postcard was printed and mailed on December 7, 2012 in order to influence the outcome of the election in favor of Judge Anderson-Trahan and to cause harm to candidate Mitchell. (Rec. Doc. 1 at 5). Mitchell is suing Hood for abuse of right and asks to be compensated for

1

compensatory damages, including consequential and incidental damages, as well as costs, expenses and attorney's fees. (Rec. Doc. 1 at 12).

On February 10, 2014, Hood filed an amended answer and third-party complaint. (Rec. Doc. 21). First, Hood claimed that this Court lacks personal jurisdiction over him. (Rec. Doc. 21 at 1). Second, Hood denied liability for the damages alleged by Mitchell. (Rec. Doc. 21 at 2). In addition, Hood filed a third-party complaint and impleaded Judge Anderson-Trahan and Kelvin P. McClinton as third-party defendants. (Rec. Doc. 21 at 4). According to Hood, he and McClinton were friends. Hood alleged that sometime prior to the election, McClinton asked Hood if he would be willing to allow Judge Anderson-Trahan to use him as a reference. (Rec. Doc. 21 at 6). Hood agreed to allow his name to be used as a reference. Hood claimed that this was the extent of his involvement in the election. Hood claimed that the postcard fraudulently included his name and address and that he never authorized the use of his information in that way. (Rec. Doc. 21 at 6-7). Hood accused Judge Anderson-Trahan and McClinton of conspiring to steal his identity and invade his privacy. (Rec. Doc. 21 at 8). Hood claimed that their actions caused damage to his personal and professional reputation. (Rec. Doc. 21 at 10).

On March 24, 2014, Judge Anderson-Trahan filed a Special Motion to Strike pursuant to Louisiana Code of Civil Procedure Article 971. (Rec. Doc. 46). Judge Anderson-Trahan explained that Article 971 creates a special motion to strike a cause of action that arises from a person's right of free speech. (Rec. Doc. 46-1 at 3). Under Article 971, if the movant makes a prima facie showing that the matter arises from an act in furtherance of his free speech, the burden shifts to the plaintiff to demonstrate a probability of success on the underlying claim. Judge Anderson-Trahan argued that she could make the prima facie showing under Article 971 because all of Mitchell's allegations explicitly state that they arise from the exercise of the right

of free speech. (Rec. Doc. 46-1 at 4).

Mitchell opposed the motion, arguing that Judge Anderson-Trahan was not entitled to invoke Article 971 because Judge Anderson-Trahan was not a proper third-party defendant. (Rec. Doc. 53 at 4). Mitchell also argued that only the person who is or was asserting his first amendment rights can bring a motion under Article 971. Mitchell claimed that because Hood denied any involvement in the postcard, he could not bring such a motion on his own behalf. Mitchell claimed that, by extension, Anderson-Trahan could not bring an Article 971 motion on Hood's behalf. (Rec. Doc. 53 at 6).

The Court ordered limited discovery to develop the record as to who actually made the statements on the postcard and who authorized the postcard. (Rec. Doc. 60). Judge Anderson-Trahan moved for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), arguing that Article 971 prohibited even limited discovery. On May 2, 2014, the Court certified Judge Anderson-Trahan's appeal and stayed discovery. (Rec. Doc. 81). The Fifth Circuit granted leave to appeal under 28 U.S.C. § 1292(b) on June 3, 2014. *See Mitchell v. Hood*, 14-90020 (5th Cir. June 3, 2014).

After hearing oral argument, the Fifth Circuit issued an unpublished, *per curiam* opinion on June 4, 2015 and held that Judge Anderson-Trahan was not properly impleaded into the case under Rule 14 of the Federal Rules of Civil Procedure. *Mitchell v. Hood*, 14-30537 (5th Cir. June 4, 2015). The Fifth Circuit instructed that "[b]ecause we hold that Judge Anderson-Trahan was not a properly impleaded party under Rule 14, she must be dismissed." *Id.* at 7. The Fifth Circuit remanded the case to this Court for "proceedings not inconsistent with this opinion." *Id.* When the Fifth Circuit issued its mandate, it ordered that "each party bear its own costs on appeal."

## II.  PRESENT MOTIONS

Mitchell filed a Motion to Amend this Court's Order dated June 22, 2014, which dismissed Judge Anderson-Trahan from this case, and a Motion to Fix Attorneys' Fees and Costs.  Both motions are contingent on Mitchell's assertion that she is entitled to attorneys' fees and costs pursuant to Article 971(B).  Mitchell argues that she is the "prevailing party" under Article 971(B) because the Fifth Circuit agreed with Mitchell's "longstanding argument" that Judge Anderson-Trahan was not a proper party. (Rec. Doc. 94 at 2).  Mitchell states "the fact that Trahan was not properly before the Court (as argued by Mitchell) means she could not prevail.  By logical extension, common sense and equity, then, Mitchell must be designated as the prevailing party…." (Rec. Doc. 94-1 at 2).  Mitchell further contends that the Fifth Circuit's ruling did not provide Judge Anderson-Trahan with the relief sought, which was a dismissal of Mitchell's complaint.  (Rec. Doc. 94 at 2).

Judge Anderson-Trahan opposes the motions, arguing that Mitchell did not prevail on the motion because neither this Court nor the Fifth Circuit ever reached the merits of the motion. Judge Anderson-Trahan avers that it is "twisted logic" to conclude that just because the Fifth Circuit determined she was not a proper party to this suit, that Mitchell must therefore be the prevailing party. (Rec. Doc. 96 at 5).  Judge Anderson-Trahan argues that the Fifth Circuit outlined the proper analysis to determine a "prevailing party" in *Petteway v. Henry*, and Mitchell fails this test.  (Rec. Doc. 96 at 5-6) (citing 738 F.3d 132, 137 (5th Cir. 2001)).  Judge Anderson-Trahan contends that "[t]he Fifth Circuit's holding renders the unresolved questions as to the Article 971 Motion moot, a fact recognized by that court."  (Rec. Doc. 96 at 6).  Judge Anderson-Trahan avers that an award of attorneys' fees and costs constitutes a money judgment,

and "an individual who was never properly a party to a suit cannot be cast in judgment for a money judgment." (Rec. Doc. 96 at 7).

Mitchell replies with leave of Court. Mitchell contends that the "mootness doctrine" does not divest this Court of jurisdiction over Mitchell's motion and relies on California jurisprudence related to the California anti-SLAPP statute, which Louisiana Courts have drawn parallels to in the past, as support for this proposition. (Rec. Doc. 100 at 1-2) (citing *Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211 (2002)). Mitchell contends that the standard outlined in *Petteway* is inapplicable in the instant case, as *Petteway* dealt with the Voting Rights Act, and unlike the awarding of attorneys' fees under the Voting Rights Act, fee-awards under Article 971 are not discretionary and the legislature favors fee-awards to prevailing parties in anti-SLAPP suits. (Rec. Doc. 100 at 3-4).

### III. LAW & ANALYSIS

#### A. The Standard

As the Court dismissed Judge Anderson-Trahan from the case on June 22, 2015, Mitchell filed a Motion to Amend that Order (Rec. Doc. 93) along with a Motion to Fix Attorneys' Fees and Costs. (Rec. Doc. 94). Grounds for granting a motion to alter or amend under Federal Rule of Civil Procedure 59(e) include "(1) any intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Yet, district courts have "considerable discretion in deciding whether

5

to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

      **B. Analysis**

Louisiana Code of Civil Procedure Article 971 provides:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

La. Code Civ. Proc. art. 971. Article 971 further provides that "[i]n any action subject to Paragraph A of this article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs. *Id.* Article 971 was enacted in 1999 after the Louisiana legislature found "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." La. Code Civ. Proc. art. 971, Legislative Findings. The legislature declared it to be in the best interest of the public "to encourage continued participation in matters of public significance." *Thinkstream, Inc. v. Rubin*, 06–1595 (La.App. 1 Cir. 9/26/07); 971 So.2d 1092, 1100. "The intent of this statute is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process." *Lee v. Pennington*, 02-381 (La. App. 4 Cir. 10/16/02); 830 So.2d 1037, 1041 (citing *Stern v. Doe*, 2001-0914 (La. App. 4 Cir. 12/27/01); 806 So.2d 98, 101). The courts have determined that Article 971 should be construed broadly to satisfy the intent of the legislature. *Kirksey v. New Orleans Jazz & Heritage Found., Inc.*, 2012-1351 (La. App. 4 Cir. 2/27/13); 116 So.3d 664, 668 (citing *Darden v. Smith*, 03-1144 (La. App. 3 Cir. 6/30/04); 879 So.2d 390, 396).

      The United States Supreme Court has noted that the term "prevailing party" is a legal

term of art.  *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).  While *Buckhannon* concerned the meaning of "prevailing party" within the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, the Supreme Court's general discussion of the term's meaning is instructive.  The Supreme Court explained that

> Black's Law Dictionary 1145 (7th ed.1999) defines 'prevailing party' as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed successful party.' This view that a 'prevailing party' is one who has been awarded some relief by the court can be distilled from our prior cases.

*Id.*

Here, there was no prevailing party on Judge Anderson-Trahan's Special Motion to Strike because neither this Court nor the Fifth Circuit reached the merits of the motion.  Indeed, at the outset of its analysis, the Fifth Circuit stated that "[b]efore addressing this, or any other question, we must first decide if Judge Anderson-Trahan is a properly impleaded party who is permitted to remain as a third-party defendant at all."  *Mitchell,* 14-30537 at 4-5 (5th Cir. June 4, 2015).  The Fifth Circuit then concluded:

> Because Judge Anderson-Trahan is not a properly impleaded party under Rule 14, she must be dismissed as a party.  Therefore, we need not address whether Louisiana's anti-SLAPP statute may be raised by a third party on behalf of an original defendant.  Nor do we address whether a party must embrace the speech at issue in order to assert a defense under the anti-SLAPP statute….Because we hold that Judge Anderson-Trahan was not a properly impleaded party under Rule 14, she must be dismissed.

*Id.* at 6-7.  It is thus evident that the Fifth Circuit did not reach the merits of the motion, and there was therefore no prevailing party.  This conclusion is further supported by the Fifth Circuit's mandate, which stated, "IT IS FURTHER ORDERED that each party bear its own costs on

appeal." *Mitchell,* 14-30537 at 2 (5th Cir. June 26, 2015).

Mitchell argues that she must be the prevailing party because she made the argument that Judge Anderson-Trahan was not properly impleaded under Rule 14 and because Judge Anderson-Trahan, as an improper party, could not be the prevailing party. Mitchell thus concludes she must be the prevailing party by extension. These arguments ring hollow. First, the mere fact that the Fifth Circuit agreed with Mitchell's contention that Judge Anderson-Trahan was not a proper party does not render Mitchell the prevailing party. As the Supreme Court noted, the legal term "prevailing party" connotes a successful party, one who is awarded relief by the Court. Since the Fifth Circuit did not reach the merits of the motion, it did not award Mitchell any relief. Rather, any relief was an indirect result of the Fifth Circuit's and this Court's dismissal of Judge Anderson-Trahan as an improper party.

The Court is also not persuaded by that argument that Mitchell must be the prevailing party because Judge Anderson-Trahan could not prevail as an improper party. A court's disposition of a motion does not always result in a prevailing party. Rather, as in the instant case, a court's ruling may not even reach the substantive merits of the motion. Indeed, the Fifth Circuit's ruling in this case favored both parties, as Mitchell's complaint was not dismissed *and* Judge Anderson-Trahan was dismissed from the case. Both parties therefore prevailed in some measure. As such, the Court finds that Mitchell did not constitute the "prevailing party" within the meaning of Article 971, and Mitchell thus does not meet the exacting Rule 59 standard for this Court to reconsider its earlier Order. The Court will therefore not alter its prior Order and will not award attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Mitchell's Motion to Amend Order (Rec. Doc. 93) and Motion to Fix Attorneys' Fees and Costs (Rec. Doc. 94) are hereby **DENIED**.

New Orleans, Louisiana, this 5th day of August, 2015.

_____
UNITED STATES DISTRICT COURT JUDGE